# 96 DTA 123

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL DE PONCE Y AIBONITO
PANEL I**

ANA GALARZA VELAZQUEZ Y OTROS
Recurridos

v.

GENERAL ACCIDENT INS. CO. Y OTROS
Peticionarios

Núm. KLAN-95-01028

San Juan, Puerto Rico, a 26 de septiembre de 1996

Panel integrado por su presidente, Juez Sánchez Martínez
y los Jueces Córdova Arone y Segarra Olivero

Sánchez Martínez, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

Este recurso plantea la controversia de si la Autoridad de Acueductos y Alcantarillados responde por los daños sufridos por la conductora y la pasajera de un automóvil que cayó en un hoyo que se formó súbitamente en la carretera debido a la erosión del terreno bajo el pavimento resultado de una

filtración de agua de un tubo del alcantarillado sanitario. El tribunal apelado denegó la reclamación y las demandantes apelaron. Examinada la transcripción de la prueba oral así como los alegatos de las partes, confirmamos la sentencia apelada.

Surge de la transcripción de la prueba oral que el día de los hechos a eso de las 4:45 de la tarde, la co-demandante Ana Galarza Velázquez regresaba del trabajo conduciendo su automóvil junto a su compañera de labores, la co-demandante Carmen Torres Rivera. En el trayecto, mientras transitaban por una carretera principal que conduce de Yauco a Guánica, ambas sintieron de repente un estruendo como si hubiesen sido impactadas por detrás por otro vehículo. La conductora miró por el espejo retrovisor y no vio nada. Al bajarse vio que su automóvil había caído en un gran hoyo. Ambas declararon haber sufrido daños físicos y emocionales.

Las co-demandantes usaban diariamente esa ruta para regresar a sus hogares y nunca antes habían visto hoyo alguno en el lugar del accidente. El día estaba claro y nada hubiera impedido ver el hoyo si éste hubiese existido. Las demandantes también presentaron como testigo a la señora Eloína Rodríguez Rodríguez. Esta testigo, sin embargo, declaró que ella residía en una de las casas a la orilla de la carretera frente al lugar donde se formó el hoyo y que ese hoyo existía desde hacía dos semanas; que ella lo notificó a la Autoridad, a la alcaldía y que también llamó a una emisora de radio sin que nadie le hiciera caso.

Por su parte, la Autoridad presentó prueba tendente a demostrar que la tubería sanitaria en cuestión no había tenido colapsos ni roturas en por lo menos veinte años. El ingeniero a cargo de la oficina de la Autoridad en Yauco declaró que con anterioridad a la fecha del accidente, la agencia nunca recibió una queja respecto a que existiese algún problema en dicho sitio. Señaló que al día siguiente se presentó al lugar ante una información del hoyo en la carretera pero que al observar que no existía ningún salidero de agua pensó que la depresión se había formado como consecuencia del uso y deterioro normal de la carretera. Llamó al Departamento de Transportación y Obras Públicas y éste hizo colocar una plancha gruesa de acero para cubrir el área de manera que la carretera pudiera seguir en uso. No fue sino hasta días después que la Autoridad pudo detectar el problema de la tubería rota en el lugar de los hechos cuando fue informada una rotura como a unos 200 pies de distancia.

Este testigo declaró que el único modo que tiene la Autoridad para detectar una rotura de la naturaleza que produjo el accidente de las demandantes es que ocurra una de dos cosas: un accidente como el descrito en la demanda o un salidero de agua a la superficie del pavimento. Indicó que la tubería sanitaria está instalada como a cinco pies bajo tierra por lo que resulta físicamente imposible detectar roturas de otro modo.

El tribunal *a quo* determinó que en el lugar de los hechos nunca se detectó un salidero de agua con anterioridad al accidente de las demandantes y exoneró a la Autoridad de toda responsabilidad. En apelación las demandantes aducen que el tribunal *a quo* incidió en error (1) al descartar por inverosímil el testimonio de la señora Eloína Rodríguez Rodríguez y (2) al no imponerle responsabilidad a la Autoridad por no inspeccionar la tubería colapsada por espacio de veinte años.

Para sustentar el primer señalamiento de error, las apelantes descansan primordialmente en el testimonio de doña Eloína (una señora de 54 años de edad a quienes ellas le llaman *"la viejita"* en su alegato), que declaró ser residente del lugar de los hechos, que notó la formación del hoyo dos semanas antes del accidente y que llamó a la Autoridad para informar la situación sin que el hoyo hubiese sido reparado. La ilustrada sala sentenciadora descartó expresamente este testimonio por inverosímil y lo resumió de tal modo en su sentencia que de no haber sido porque tuvimos el beneficio de leer la transcripción de la prueba oral hubiésemos estado de acuerdo con la conclusión de inverosimilitud.

Pero aun cuando no compartimos la caracterización que del mismo hizo el tribunal sentenciador, lo cierto es que dicho testimonio podía ser descartado porque fue impugnado en lo esencial por la declaración de cada una de las apelantes, en el sentido de que jamás habían visto el hoyo en la carretera antes del accidente a pesar de que esa era su ruta diaria de regreso del trabajo. Nos parece evidente que si un hoyo de la magnitud que muestran las fotografías admitidas en evidencia hubiese existido antes de ocurrir el accidente, lo inverosímil hubiese sido que las apelantes hubieran pasado

antes por allí y que no lo hubieran visto.

Es posible especular que doña Eloína vio alguna depresión durante los días anteriores al accidente, pero es evidente que si ese hubiera sido el caso, la misma no era de la magnitud que adquirió bajo el peso del vehículo de la señora Galarza el día del accidente. De lo contrario, la conductora debió haberlo notado las muchas veces que transitó por el lugar los días anteriores al accidente al regreso de su trabajo. El tribunal *a quo* estaba justificado en concluir que la carretera no tenía defectos perceptibles a los sentidos de la conductora cuando ocurrió el accidente y que éste se debió en sí al colapso del subsuelo causado por las filtraciones de agua que no pudieron ser detectadas sino hasta varios días después del accidente.

Para sustentar el segundo señalamiento de error, las apelantes aducen que la Autoridad incumplió su deber de inspeccionar periódicamente sus tuberías y de darle el mantenimiento adecuado para garantizar la seguridad de los usuarios de las carreteras del país por donde discurren soterradamente las tuberías de la agencia. Es posible que existan los medios tecnológicos para llevar a cabo la inspección periódica de las tuberías sanitarias de la Autoridad de la que hablan las apelantes, pero no lo sabemos. Estas no aportaron prueba pericial para demostrarlo. Simplemente trataron de establecer el hecho de la falta de mantenimiento utilizando para ello al ingeniero a cargo de la oficina local de la Autoridad el cual difícilmente hubiese aceptado que él incumplió tal obligación. Ocurrió todo lo contrario. Dicho ingeniero reiteró una y otra vez que mientras no hay una rotura que aporte signos visibles a la superficie o no se hunda la tierra y ocurra un accidente como el del caso de autos, no hay forma de prever una rotura. Si las apelantes piensan lo contrario debieron haber aportado prueba al respecto.

La Autoridad no es un asegurador absoluto de todo riesgo imaginable vinculado a la operación de sus instalaciones sanitarias o pluviales. Cf., *Méndez Purcell v. A.F.F.*, 110 D.P.R. 130, 134 (1980). ■ Su responsabilidad está enmarcada en su deber de previsión. En eso el Código es taxativo: nadie responde de los sucesos imprevisibles o de aquellos que siendo previsibles son inevitables. Art. 1058 del Código Civil, 31 L.P.R.A. sec. 3022. Las apelantes tenían que demostrar de qué modo la rotura del tubo era previsible, no bastando con la mera afirmación de que lo era. ■

Con estos antecedentes, se confirma la sentencia recurrida.

Lo acordó y manda el Tribunal y lo certifica la señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

## ESCOLIOS 96 DTA 123

**1.** Distinto a la generación y distribución de energía eléctrica que ha sido considerado tradicionalmente como elemento de carácter inherentemente peligroso, *Burgos Quiñones v. Autoridad Fuentes Fluviales,* 90 D.P.R. 613, 619 (1964), la producción de agua potable y la operación del alcantarillado sanitario no pueden ser considerados como tal.

**2.** Otro hubiera sido el resultado si las apelantes hubieran demandado al Estado Libre Asociado de Puerto Rico al amparo del Art. 404 del Código Político, 3 L.P.R.A. sec. 422. Dicho estatuto le impone responsabilidad cuasi-absoluta al Estado por los daños que se ocasionen a los usuarios de una vía pública debido a desperfectos, falta de reparación o de protección al viajero. *Publio Díaz v. E.L.A.*, 106 D.P.R. 854, 862 (1978). El Art. 404 del Código Político no requiere que se demuestre culpa o negligencia de parte del Estado, pues se trata de una instancia de responsabilidad sin culpa, y éste solamente puede librarse de responsabilidad si demuestra que los desperfectos de la carretera fueron causados por la violencia de los elementos y el Estado no tuvo tiempo suficiente para remediarlos. *Resto v. P.R. Telephone Co.,* 97 D.P.R. 313, 320 (1969). Su responsabilidad no es excusable siquiera cuando la *"condición"* causante del daño haya sido el resultado de la actuación de un tercero, *Morales Muñoz v. Castro,* 85 D.P.R. 288, 293 (1962), como por ejemplo, cuando como en este caso, se hunde súbitamente la vía pública al paso de un vehículo. *Pérez Piñero v. E.L.A.,* 105 D.P.R. 391 (1976) (Sentencia).